NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

KAZIMIERZ LEJA & ZOFIA LEJA,

    Plaintiffs,

    v.

SCHMIDT MANUFACTURING, INC., SYLVAN EQUIPMENT CORP., BOBCAT OF NEW YORK, INC., L,&L PAINTING CONTRACTING CO., INC., JOHN DOE I, et al.,

    Defendants,

and

SCHMIDT MANUFACTURING, INC.,

    Defendant/Third Party Plaintiff,

    v.

SYPRIS TECHNOLOGIES, INC. f/k/a TUBE TURNS TECHNOLOGIES, INC., , SYPRIS SOLUTIONS, INC., RICHARD ROES 1-8 and JOHN DOES 1-8, et al.,

    Third Party Defendants.

CIVIL ACTION NO. 01-5042 (DRD)

**OPINION**

Appearances

Elizabeth F. Lorell, Esq.
HARWOOD LLOYD, LLC
130 Main Street
Hackensack, NJ 07601

*Attorney for Defendant/Third-Party Plaintiff Schmidt Manufacturing, Inc.*

John F. Ryan, Esq.
DONOVAN PARRY McDERMOTT & RADZIK
Wall Street Plaza
88 Pine Street
New York, NY 10005

Dennis D. Murrell, Esq.
G. Kennedy Hall, Jr., Esq.
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, KY 40202

*Attorneys for Third Party Defendant Sypris Technologies, Inc.*

## ***OPINION***

**DEBEVOISE, Senior District Judge**

      Presently before the court are: (1) the motion of defendant/third-party plaintiff Schmidt Manufacturing, Inc. ("Schmidt") for reconsideration of the court's opinion and order dated June 3, 2005 or, in the alternative, to certify for interlocutory appeal[1]; and (2) the motion of third-party defendant Sypris Technologies, Inc. ("Sypris") for attorneys' fees and costs with respect to Schmidt's Rule 11 motion for sanctions and with respect to allegedly abusive discovery tactics. For the reasons set forth below, Schmidt's motion for reconsideration or, in the alternative, for certification will be denied. Sypris's motion for attorneys' fees and costs relating to Schmidt's Rule 11 motion will be denied, and Sypris's motion for attorneys' fees and costs relating to Schmidt's allegedly abusive discovery tactics will be referred to the Magistrate Judge.

---

[1] Defendants Sylvan Equipment Corp., Bobcat of New York, Inc., and L&L Painting Co., Inc., join in Schmidt's motion and will rely on Schmidt's papers in support of its motion.

2

## FACTUAL & PROCEDURAL BACKGROUND

The underlying dispute is a products liability action filed by Plaintiffs Kazimierz and Zofia Leja seeking damages for injuries to Kazimierz Leja arising from a workplace accident involving a sandblasting machine manufactured by Schmidt. Schmidt filed a third-party complaint against Sypris for indemnification and contribution.

Sypris filed a motion to dismiss for lack of personal jurisdiction in January 2005. The return date was adjourned until May 23, 2005 in order to provide Schmidt with time to conduct jurisdictional discovery. Oral argument on Sypris's motion to dismiss was heard on May 23, 2005. On May 25, 2005, Schmidt filed a motion for Rule 11 sanctions against Sypris, alleging that Sypris and its counsel either acted with bad faith or improper purpose and engaged in delaying tactics with respect to jurisdictional discovery and the filing of Sypris's motion to dismiss.

In an opinion and order dated June 3, 2005 (the "June Opinion & Order"), Sypris's motion to dismiss was granted and Schmidt's motion for Rule 11 sanctions was denied. Schmidt's Rule 11 motion was denied without oral argument and prior to the due date for filing opposition papers. It is the June Opinion & Order from which Schmidt seeks reconsideration or certification for interlocutory appeal.

Sypris's pending motion for attorneys' fees and costs arises from the costs of responding to Schmidt's Rule 11 motion and jurisdictional discovery.

## DISCUSSION

### I. Motion for reconsideration

Schmidt seeks reconsideration on the ground that the court applied the wrong law in

granting Sypris's motion to dismiss for lack of personal jurisdiction. Schmidt argues that the court ignored controlling New Jersey precedent and erroneously applied the law of other jurisdictions such as Pennsylvania and New York.

In New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(g), which provides in part: "There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." L. CIV. R. 7.1(g). The court in Tecchio v. U.S. ex rel. Meola has explained:

> The word "overlooked is the operative term in the rule, and it has been interpreted consistently as referring only to facts and legal arguments properly presented to the court at the time the motion on which reargument is sought was initially decided." A motion for reconsideration is not a means by which to obtain a proverbial second bite of the apple....Accordingly, the Court has reconsidered its rulings only where convinced that germane information was initially overlooked.

No. 03-1529, 2003 WL 22952835, at *1 (D.N.J. Oct. 24, 2003) (citing LITE, N.J. FEDERAL PRACTICE RULES, Comment 6(e)(1) to Rule 7.1(g) (Gann)). Motions for reconsideration should be granted sparingly and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered. McGarry v. Resolution Trust Corp., 909 F. Supp. 241, 244 (D.N.J. 1995). A motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Schmidt argues that the motion for reconsideration should be granted because the court committed a clear error of law. More specifically, Schmidt argues that the court should not have applied the following jurisdictional tests because they are not applicable in New Jersey: (A)

4

"centrality to the business" test, (B) "extensive and persuasive" contacts, and (C) "solicitation plus" test.  Finally, Schmidt also argues that (D) the court should have extended the time period examined for determining whether general personal jurisdiction should be asserted.

### A. *"Centrality to the business" standard*

Schmidt argues that the court erroneously relied on Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir. 1987) because Provident evaluated general jurisdiction under Pennsylvania law.  In a footnote, Schmidt states, "Pennsylvania law has historically been far less liberal than New Jersey in extending long-arm jurisdiction over a non-resident."  (Schmidt Br. at 3 n.2.)  It is true that Provident concerned Pennsylvania's long-arm statute, not New Jersey's.  It is also true, however, that Pennsylvania's long-arm statute in Provident is identical to New Jersey's long-arm statute – *i.e.*, both states' long-arm statutes permit the exercise of personal jurisdiction to the fullest extent allowed under the U.S. Constitution.  Accordingly, the test of whether a defendant's contacts with the state were "central" to its business enunciated by the Court of Appeals in Provident was equally applicable in deciding Sypris's motion to dismiss for lack of personal jurisdiction.

Schmidt implies in a footnote that the June Opinion & Order is inconsistent with the court's opinion in GlaxoSmithKline Consumer Healthcare L.P. v. Merix Pharmaceutical Corp., No. Civ.A. 05-898(DRD), 2005 WL 1116318 (D.N.J. May 10, 2005), which found that personal jurisdiction could be exercised.  Schmidt emphasizes the fact that Merix's sales to New Jersey was $240,000 and that this amount was "sufficient for jurisdictional purposes." (Schmidt Br. at 4-5 n.3.)  The comparison of Merix's contacts in GlaxoSmithKline with Sypris's contacts, however, is distinguishable on at least two grounds.  First, the court's finding in

5

GlaxoSmithKline that personal jurisdiction could be exercised was not based on the dollar amount of sales in New Jersey, but rather on Merix's other contacts with New Jersey, such as advertising through various media in New Jersey.  Second and perhaps more importantly, the analysis in GlaxoSmithKline pertained to a finding of specific personal jurisdiction, and the June Opinion & Order found that specific personal jurisdiction was lacking.  Schmidt apparently does not contest this finding in this motion for reconsideration.  Rather, the arguments presented by Schmidt pertain only to the court's finding that general personal jurisdiction is also lacking.  Therefore, the GlaxoSmithKline opinion is inapposite here.

### B. "Extensive and persuasive" contacts

Second, Schmidt argues that the court erred in using an "extensive and persuasive" standard in evaluating whether general personal jurisdiction exists.  Again, Schmidt argues that the opinion cited for this proposition, Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588-589 (3d Cir. 1982), interpreted Pennsylvania rather than New Jersey law.  Although this is true, the "extensive and persuasive" language does not introduce a new standard but merely describes the much higher threshold required to assert general jurisdiction than specific jurisdiction.  Moreover, the "extensive and persuasive" language has been used in numerous court opinions applying New Jersey law, which have cited Reliance Steel.  Eg., Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc., 269 F. Supp. 2d 547, 559 (D.N.J. 2003) ("The facts required to assert this 'general' jurisdiction must be 'extensive and persuasive.'"); SDS USA, Inc. v. Ken Specialties, Inc., Civ. No. 99-133, 2002 U.S. Dist. LEXIS 16762 (D.N.J. Aug. 28, 2002) ("Moreover, the facts required to establish general jurisdiction must be 'extensive and persuasive.'"); Smith v. S&S Dundalk Eng'g Works, Ltd., 139 F. Supp. 2d 610, 618 (D.N.J.

2001) ("The facts required to establish general jurisdiction must be 'extensive and persuasive.'"); Bryan v. Associated Container Transp., 837 F. Supp. 633, 637 (D.N.J. 1993) ("The burden of establishing 'general jurisdiction' is more difficult 'for the facts required to assert general jurisdiction must be extensive and persuasive.'"). Accordingly, this argument does not convince the court to grant reconsideration.

### C. "Solicitation plus" test

Next, Schmidt argues that the "solicitation plus" test has been rejected in New Jersey. Schmidt cites Amercoat Corp. v. Reagent Chem. & Research, Inc., 108 N.J. Super. 331, 341 (N.J. Super. Ct. App. Div. 1970), which opined that International Shoe implicitly rejected the "solicitation plus" test. Schmidt's argument, however, ignores the analysis contained in the June Opinion, which remains valid even if the "solicitation plus" test is inapplicable. The analysis in the June Opinion found that Sypris's solicitation activities "are better characterized as sporadic, intermittent contacts rather than substantial and continuous." (June Op. at 16.) The June Opinion analyzed Sypris's activities and found them to be wanting because they were not sufficiently continuous and systematic to justify the exercise of general personal jurisdiction.

Furthermore, the solicitation plus analysis was but one of several considerations used to analyze personal jurisdiction. Taking Sypris's contacts into consideration, the finding does not change. Sypris's contacts are not enough to establish general personal jurisdiction under any test.

### D. Historical contacts

Finally, Schmidt argues that the court should have included "historical contacts" in its analysis of personal jurisdiction. By "historical contacts" Schmidt means contacts dating back to 1927 through the present, rather than the period from 1995 to 2004 as examined in the June

Opinion.  Schmidt does not cite any case law to support its position.  Upon reexamination, the court finds that 1995-2004, *i.e.*, the last decade, was an appropriate period in which to determine whether Sypris made continuous and systematic contacts with New Jersey.  To attribute to Sypris all the contacts dating from 1927 – which includes contacts made by predecessor entities wholly unrelated to Sypris over half a century ago – would not comport with fundamental fairness.  Businesses necessarily change with time, including the amount and significance of business done within a particular state.  Sypris could not reasonably anticipate being haled into New Jersey court to defend against any cause of action based on the existence of a predecessor's contacts with New Jersey back in 1927 or for several decades thereafter.  Such contacts are too remote in time to be attributable to Sypris for personal jurisdiction purposes.

In summary, Schmidt's motion for reconsideration will be denied because it is not necessary to correct a clear error of law or prevent manifest injustice.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

**II.  Motion to certify for interlocutory appeal**

In the alternative, Schmidt requests the court to certify its June Order for interlocutory appeal.  The question sought to be certified is whether the court may exercise personal jurisdiction over Sypris.

The district court may certify an order for interlocutory appeal when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. §1292(b).  "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to

be taken from such order . . ." Id.

The motion to certify will be denied because an immediate appeal will not materially advance the ultimate termination of the litigation and there is no substantial ground for a difference of opinion.

## A.  Controlling question of law

In order to certify a question, the appeal must present a controlling question of law on an issue whose determination may materially advance the ultimate termination of the case.  The question of whether the court may exercise personal jurisdiction over Sypris is controlling as to whether Sypris should be a party in the underlying action.  Therefore, this first element is met.

## B.  Materially advancing the litigation

A controlling question of law may be certified only if its determination may materially advance the ultimate termination of the case.  Schmidt argues that an immediate appeal would materially advance the ultimate termination of the litigation.  Schmidt argues that the entire controversy doctrine mandates impleading component parts manufacturers and cites cases in support of this proposition.  E.g., Harley Davidson Motor Co., Inc. v. Advance Die Casting, Inc., 150 N.J. 489 (N.J. 1997).  The cases cited by Schmidt, however, merely stand for the proposition that, if possible, a single forum should decide the rights of all parties.  The cases do not suggest that if personal jurisdiction over a party is lacking, that party should nevertheless be compelled to litigate in a forum without jurisdiction.  Therefore, this argument is inapposite for purposes of deciding this motion.

Schmidt argues that the June Order will be effectively unreviewable if Schmidt were not allowed to appeal immediately.  Schmidt, however, may file an appeal after a final judgment has

been entered in this litigation, and if the June Order is reversed Schmidt may commence an action in New Jersey against Sypris.

Schmidt also argues that if Sypris is not included in this case, there will necessarily be a second lawsuit. First, a second lawsuit is not a foregone conclusion for several reasons, including the possibility that Plaintiffs might not prevail on their claims. Second, assuming *arguendo* that there will be a second lawsuit, the second lawsuit would be between Schmidt and Sypris for contribution. Plaintiffs' underlying products liability action would not be delayed by Sypris's absence as a party, nor should Plaintiffs' underlying products liability action be delayed by an interlocutory appeal of an issue that concerns third-party contribution. Third, Sypris is not a necessary or indispensable party to this litigation.

Finally, Schmidt argues that if certification is denied, the underlying action in this case will be delayed because the parties will have to travel to Kentucky to conduct merits discovery. Schmidt fails to show, however, how the presence of Sypris as a third-party defendant would eliminate the need to travel to conduct merits discovery. Therefore, this argument fails.

### C. *Substantial ground for difference of opinion*

Finally, in order to certify a question there must be substantial ground for a difference of opinion. "[M]ere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b). Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).

Schmidt argues that the Court of Appeals has not yet squarely construed New Jersey state law on whether the "continuous and systematic" standard adopted by New Jersey state courts, as

opposed to the "continuous, systematic and central" test discussed in <u>Provident Bank</u>, should be applied in the District of New Jersey. First, the Court of Appeals did not create a new test in <u>Provident Bank</u>, as Schmidt suggests. Rather, the Court of Appeals applied the well-known continuous and systematic contacts test. In applying this test, the Court of Appeals explained the importance of examining the centrality of a defendant's conduct in the jurisdiction to its business. <u>Provident Bank</u>, 819 F.2d at 438. Second, <u>Provident Bank</u> is binding precedent in the district court. Although <u>Provident Bank</u> concerned Pennsylvania rather than New Jersey law, both states' laws extend the exercise of personal jurisdiction to the maximum extent permitted by the Constitution. Accordingly, <u>Provident Bank</u> is equally applicable in Pennsylvania and New Jersey.

      In summary, there does not appear to be substantial ground for a difference of opinion as to the correct legal standard.

### III. Motion for attorneys' fees and costs

      Sypris contends that Schmidt's counsel has used excessive discovery and the Rule 11 motion as a bullying tactic and to delay the underlying products liability action for over a year. (Sypris Br. at 4.) Sypris has moved for attorneys' fees and costs incurred in responding to (1) Schmidt's Rule 11 threats and motion in the amount of $5,365.25 and (2) Schmidt's alleged abuse of jurisdictional discovery in an amount, if any, to be determined by the Magistrate Judge. Sypris's motion for attorneys' fees and costs concerning the Rule 11 motion will be denied, and the amount of fees and costs, if any, to be awarded with respect to allegedly abusive discovery tactics will be referred to the Magistrate Judge.

      Sypris argues that as the prevailing party in Schmidt's Rule 11 motion, it should be

awarded reasonable attorneys' fees and costs. "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." FED. R. CIV. P. 11(c)(1)(A). However, Rule 11 sanctions cannot be applied as a penalty against a losing party merely for losing. In re Cendant Corp. Derivative Action Litig., 96 F. Supp. 2d 403, 406 (D.N.J. 2000). "Rule 11 is not primarily a fee-shifting rule. Although sanctions may properly include an award of counsel fees and expenses to the adversary, the prime goal should be deterrence of repetition of improper conduct, and an award of counsel fees or other monetary sanction should not automatically be the sanction of choice." Waltz v. County of Lycoming, 974 F.2d 387, 390 (3d Cir. 1992).

In this case, an award of attorneys' fees and costs to Sypris is not warranted. Although Schmidt did not prevail on its Rule 11 motion or Sypris's motion to dismiss for lack of personal jurisdiction, the unfavorable outcomes do not justify an award of fees and costs against Schmidt. Furthermore, Sypris has not provided evidence to support its contention that Schmidt filed the Rule 11 motion solely to bully and intimidate.

Accordingly, Sypris's motion for attorneys' fees and costs relating to Schmidt's Rule 11 motion will be denied.

## CONCLUSION

For the foregoing reasons, Schmidt's motion for reconsideration or, in the alternative, to certify for interlocutory appeal will be denied. Sypris's motion for attorneys' fees and costs relating to Schmidt's Rule 11 motion will be denied, and Sypris's motion for attorneys' fees and costs relating to Schmidt's allegedly abusive discovery tactics will be referred to the Magistrate Judge. An appropriate order will be issued.

                                                /s/ Dickinson R. Debevoise  
                                                Dickinson R. Debevoise, U.S.S.D.J.

August 15, 2005