**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAZIMIERZ AND ZOFIA LEJA,

                   Plaintiffs,

v.

SCHMIDT MFG., INC., SYLVAN EQUIP.
CORP., BOBCAT OF NEW YORK, INC.,
and L&L PAINTING CONTRACTING CO.,
INC., et al.,

                   Defendants.

Civ. No. 01-5042 (DRD)

**O P I N I O N**

*Appearances by:*

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Wendy H. Smith, Esq.
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068

    *Attorneys for Defendant Sylvan Equip. Corp.,*

LOWENSTEIN SANDLER
David W. Field, Esq.
65 Livingston Avenue
Roseland, NJ 07068

SCHWARTZ, SIMON, EDELSTEIN, CELSO & KESSLER, LLC
Elizabeth F. Lorell, Esq.
Ten James Street
Florham Park, NJ 07932

  *Attorneys for Defendant Schmidt Mfg., Inc.*

CHASAN LEYNER & LAMPARELLO
Anthony V. D'Elia, Esq.
300 Harmon Meadow Boulevard,
Secaucus, NJ 07094-3621

  *Attorneys for Plaintiffs*

**DEBEVOISE, Senior District Judge**

  On March 31, 2008, the court entered an Opinion and Order denying the summary judgment motion made by defendant, Sylvan Equipment Corp. ("Sylvan"), and the cross-motion for summary judgment made by plaintiffs, Kazimierz and Zofia Leja ("Plaintiffs"). Sylvan now moves for reconsideration of the Order pursuant to Local Civil Rule 7.1(i). For the reasons set forth below, the motion will be denied.

## I.  BACKGROUND

  The facts of the case are set forth fully in the court's March 31, 2008 opinion. See Leja v. Schcmidt Mfg., Inc., 2008 WL 906252 (D.N.J.). In short, on May 4, 2000, plaintiff, Kazimierz Leja ("Leja") lost his right arm when it was struck by the top closure of the sandblasting machine he was operating. At the time of the accident, the machine, which was manufactured by Schmidt Manufacturing, Inc. ("Schmidt," together with Sylvan, the "Defendants") and distributed by Sylvan, was missing several warning labels which Schmidt contends had been on the machine when it was originally delivered to Sylvan

  The court, denying Sylvan's motion for summary judgment, found that there was evidence that the warning labels were a proximate cause of Plaintiffs' injuries, Id., at *3, and that the question was one to be left for the fact-finder. Id., at *4. The court also found, among other

things, that the issues of indemnity and contribution are not yet ripe for judgment given that the matter of liability to the Plaintiffs' remains unresolved.

With regard to causation, the court found that Plaintiffs' decision to not prosecute its claim against Sylvan was not determinative of the issue of causation or liability generally in this case. Id., at *3. Specifically, the court explained that:

> The apparently strategic decision of Plaintiffs' counsel to forgo prosecuting the claim against Sylvan in favor of more effectively arguing the case against Schmidt, is not trivial; however, the statement in the Pre-Trial Order does not constitute evidence and is not legally determinative of the outcome of the motions for summary judgment before the court. Instead, the court must decide the motions on the basis of all of the evidence and arguments before it, including the evidence and arguments submitted by Schmidt, and not merely the facts--favorable or otherwise--presented or stipulated-to by Plaintiffs.

Id., at *4. The court further found that "[i]n the case of dangers about which the plaintiff is subjectively aware, a duty to warn is not automatically extinguished." Id. The preexisting knowledge is only one factor, and the question is usually one left for the fact finder. Id.

Regarding the evidence, Sylvan argued that the expert deposition testimony overwhelming suggests that the missing warning labels did not proximately cause the accident. The court found that:

> the experts in this case were asked whether the warning labels would have prevented the accident, and they responded mostly in the negative. But while the experts' opinions cast doubt on the causation issue, they are not conclusive. Indeed, even to the extent that McGuire's testimony indicates that the labels were not a "cause" of the accident, McGuire's practical opinion regarding the concept of "cause" is not synonymous with the "cause" for which the court looks in a tort claim. Considering the evidence, a jury could reasonably infer that the absence of the warning labels was a proximate cause of Leja's injuries.

Id., at *4.

The court also found that the issues of contribution and indemnification were not ripe for judgment as a matter of law since the issue of liability remained undecided.

.

## II.  DISCUSSION

Sylvan's arguments are familiar to the court because Sylvan has advanced them before. First, Sylvan contends that there is no evidence that the missing warning labels was a proximate cause of Leja's injuries, and that Plaintiffs have admitted that the presence of the warning labels would not have prevented the accident.  Second, Sylvan contends that it is not liable to Schmidt in contribution or indemnity because any such derivative liability depends upon underlying liability to the Plaintiffs.  But Sylvan does not present any new facts or arguments, and the court will deny the motion for reconsideration.

Local Civil Rule 7.1(*i*) governs motions for reconsideration.  A motion for reconsideration is "an extremely limited procedural vehicle."  Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992).  As such, the standard for reconsideration is high: "the party seeking reconsideration [must] show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Because reconsideration of a judgment after its entry is an extraordinary remedy, it should only be granted sparingly.  Marshak v. Treadwell, 2008 WL 413312, at *4 (D.N.J. Feb. 13, 2008)

4

In this case neither ground (1), nor ground (2), is applicable, and Sylvan must demonstrate the existence of a clear error of law or fact or the need to prevent manifest injustice. It is not enough for it to merely show a disagreement with the court's decision. Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). Rather, Sylvan must show that the court overlooked a factual or legal issue that may alter the disposition of the matter, such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered. Yurecko, 279 F. Supp. 2d at 609. See, e.g., Hackensack Riverkeeper v. Del. Ostego Corp., 2006 U.S. Dist. LEXIS 83472 (D.N.J. Nov. 16, 2006) (granting defendants' motion for reconsideration because the Court had not realized that the preemption issue had been argued and briefed, and was awaiting final decision, in a parallel case); Source Search Tech. v. Lending Tree, 2006 U.S. Dist. LEXIS 82451 (D.N.J. Nov. 13, 2006) (granting plaintiff's motion for reconsideration because the Court overlooked fact that plaintiff disputed defendants' definition of "goods and services" in the patent at issue).

Sylvan argues that the court overlooked the fact that Plaintiffs' position is that the warning labels was not a proximate cause of the accident. This is simply untrue. As noted, supra, the court specifically addressed this issue, holding that it must consider all of the evidence before it, and not merely statement made by the Plaintiffs' counsel.

A motion for reconsideration may not be used to "ask the Court to rethink what it had already thought through—rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of "the hindsight provided by the court's analysis." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Rather, such

disagreements with the Court's conclusion should be raised on appeal, as they are "inappropriate on a motion for reconsideration."  Yurecko, 279 F. Supp. 2d at 609).

Sylvan also contends that the court "overlooked the testimony of plaintiffs' experts, Patrick McGuire and William Meyer and Schmidt's expert Stephen B. Wilcox," each of whom, according to Sylvan, testified that the lack of the warning labels was not a proximate cause of the accident.  This is also false.  As discussed, supra, the court indeed reviewed and addressed the opinions of these experts and concluded that the experts recognized the possible impact of the missing warning labels, and that the issue of whether the absence was a "substantial factor" must be decided by the fact-finder.

The court noted that the expert testimony was two-sided   Specifically, the court examined statements made by Schmidt's expert, William Meyer, who explained that "the absence of such stickers could be considered a contributing factor to the subject accident."  In its moving brief, Sylvan contends that the court overlooked Meyer's later statement that the absence of the warning labels was an "exceedingly minor" contributing factor and that legal precedent requires a finding of a "substantial factor."  Here, the court has decided that, given the evidence–including the expert testimony–it is possible that the lack of the warning labels was a factor.  The question of whether it was a factor, and whether it factor substantially, is one for the jury.

Finally, as in the March 31, 2008 Opinion, in light of the determinations made, supra, Sylvan's arguments regarding contribution and indemnification are irrelevant.  Since Plaintiffs' claims against Sylvan and Schmidt have survived the motion for summary judgment, so too must Schmidt's cross-claims against Sylvan.  If Sylvan is found primarily liable for Plaintiffs' injuries,

then Schmidt will be entitled to indemnification.  If Sylvan is found to be partially liable, then Schmidt may be entitled to contribution.  Since no determinations have yet been made as to liability, the issue of Schmidt's remains unripe, and nothing presented in this motion for reconsideration has altered the court's view of the matter.

In any event, Sylvan having not present any new arguments, but merely rearguing what the court has already heard, the court will deny the motion.

### III.  CONCLUSION

For the reasons set forth above, the motion for reconsideration will be denied.

/s/  Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:           May 6, 2008